**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

SIMCO ENTERPRISES, LTD.,          §
                                  §
          Plaintiff,              §
                                  §
versus                            §          CIVIL ACTION NO. 1:07-CV-860
                                  §
JAMES RIVER INSURANCE COMPANY,    §
                                  §
          Defendant.              §

## MEMORANDUM AND ORDER

Pending before the court is Defendant James River Insurance Company's ("James River")

Motion for Summary Judgment (#13).  James River seeks summary judgment regarding Plaintiff

Simco Enterprises, Ltd.'s ("Simco") action for a declaratory judgment as to the scope of coverage

of an insurance policy issued to it by James River as well as Simco's claims that James River

breached the insurance contract and violated the Texas Insurance Code.  Having reviewed the

pending motion, the submissions of the parties, the pleadings, and the applicable law, the court

is of the opinion that James River is entitled to summary judgment.

I.    Background

This action arises from a personal injury lawsuit styled *Thomas E. Williams v. Entergy Gulf*

*States, Inc.*, Cause No. E-0177439, filed July 31, 2006, which is currently pending in the 172nd

District Court of Jefferson County, Texas.  In his petition, Thomas Williams ("Williams") alleges

that while working in the course and scope of his employment with Simco, a construction and

maintenance services provider, he sustained electrical shock injures due to the negligence of

Entergy Gulf States, Inc. ("Entergy"), one of Simco's largest customers.  More specifically,

Williams contends that he was changing a transformer inside an Entergy substation on May 3, 2005, when a line faulter arrested, causing a high current to travel through the grid beneath his feet.  When the current was subsequently transmitted to his body, Williams purportedly suffered injuries to his left arm, left leg, neck, and nervous system.  Claiming that Entergy's failure to replace the line arresters and provide proper supervision caused these alleged injuries, Williams seeks damages from Entergy for past and future medical expenses, loss of earnings and earning capacity, mental anguish, disfigurement, pain and suffering, and impairment of his ability to perform daily activities.

In September 2006, Entergy notified Simco of the Williams litigation and demanded indemnity protection.  Throughout their forty-year business relationship, Simco and Entergy have executed multiple general and job-specific contracts.  For the last fifteen to twenty years, in conformance with the parties' regular business practices, these contracts have contained a provision requiring Simco to indemnify Entergy from any and all claims arising out of or related to work performed by Simco, specifically including personal injury actions brought by Simco employees.  Accordingly, Entergy demanded that Simco cover all costs incurred in defending against the negligence claims lodged by Williams.

Simco notified James River, its insurance provider, of Entergy's demands in late 2006 and requested coverage under Comprehensive General Liability Policy No. 00003479-1 ("the Policy"), effective for the period March 15, 2005, to March 16, 2006.  On August 3, 2007, James River issued its formal response letter denying Simco's claims.  Citing exclusions found in the Policy, James River's letter disclaimed any duty to defend or indemnify Simco and/or Entergy in the Williams litigation.

On September 20, 2007, Simco filed the instant suit against James River in the 172nd Judicial District Court of Jefferson County, Texas.   Simco requests a declaratory judgment delineating James River's indemnity and/or defense obligations under the terms and conditions of the Policy.  If coverage is found to extend to Williams's claims, Simco alleges that James River's denial of coverage constitutes a breach of contract as well as a violation of the Texas Insurance Code.  James River removed the case to federal court on November 12, 2007, pursuant to 28 U.S.C. § 1446 on the basis of diversity of citizenship under 28 U.S.C. § 1332.

On March 17, 2008, James River filed the instant motion for summary judgment, arguing that the Policy unambiguously excludes coverage for injuries to Simco's own employees as well as coverage for Entergy as an additional insured under Simco's policy.  Consequently, James River contends that Simco's claims for breach of contract and violation of the Texas Insurance Code fail as a matter of law.  Although due over three months ago, Simco has not filed a response to James River's motion.

II.     Analysis

    A.     Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). Where a defendant moves for summary judgment on the basis of an affirmative defense and, thus, bears the ultimate burden of persuasion, "it must adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard thereto." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000) (citing *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir.), *cert. denied*, 522 U.S. 915 (1997)); *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). To warrant judgment in its favor, the movant "'"must establish beyond peradventure *all* of the essential elements of the defense."'" *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (emphasis in original) (quoting *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot*, 780 F.2d at 1194)).

"A fact is '*material*' if it '*might affect* the outcome of the suit under governing law.'" *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original) (quoting *Anderson*, 477 U.S. at 248); *accord Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson*, 477 U.S. at 248; *accord EMCASCO Ins. Co. v. American Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454; *Harken Exploration Co.*, 261 F.3d at 471. The moving party, however, need not negate the elements of the nonmovant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3 (quoting FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 587); *see Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996); *see Reeves*, 530 U.S. at 150; *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Malacara*, 353 F.3d at 398; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *Harken Exploration Co.*, 261 F.3d at 471. The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in its favor. *Palmer v. BRG of*

*Ga., Inc.*, 498 U.S. 46, 49 n.5 (1990) (citing *Anderson*, 477 U.S. at 255); *Shields v. Twiss*, 389

F.3d 142, 150 (5th Cir. 2004); *Martin*, 353 F.3d at 412; *Martinez*, 338 F.3d at 411; *Gowesky v.*

*Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.), *cert. denied*, 540 U.S. 815 (2003).

Nevertheless, "'only *reasonable* inferences can be drawn from the evidence in favor of the

nonmoving party.'" *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14

(1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,

879 F.2d 1005, 1012 (2d Cir. 1989)).   "If the [nonmoving party's] theory is . . . senseless, no

reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69.

The nonmovant's burden is not satisfied by "'some metaphysical doubt as to the material facts,'

by 'conclusory allegations,' by 'unsubstantiated assertions,'" by speculation, by the mere existence

of some alleged factual dispute, or "by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075

(quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Matsushita Elec. Indus.*

*Co.*, 475 U.S. at 586; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A.,*

*Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)); *accord Warfield*, 436 F.3d at 557; *Boudreaux*, 402

F.3d at 540.   "Unsubstantiated assertions, improbable inferences, and unsupported speculation are

not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541; *accord Hugh*

*Symons Group, plc v. Motorola, Inc.*,  292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950

(2002); *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004); *Bridgmon*

*v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to

establish the existence of an element essential to its case on which it bears the burden of proof at

trial.  *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322;

*EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

B.  Effect of No Response to Motion

Here, Simco, the nonmoving party, has filed no response and has proffered no evidence in opposition to James River's motion.  Summary judgment may not be awarded by default, however, merely because the nonmoving party has failed to respond.  *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Ford-Evans v. Smith*, 206 F. App'x 332, 334 (5th Cir. 2006); *United States v. Wilson*, 113 F. App'x 17, 18 (5th Cir. 2004).  "'A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule.  The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.'" *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat'l Bank*, 776 F.2d at 1279); *see Owens v. Town of Delhi*, 469 F. Supp. 2d 403, 405 (W.D. La. 2007); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 947 (S.D. Tex. 2005).

Nonetheless, the court may grant summary judgment if the movant has made a *prima facie* showing that it is entitled to such relief.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also* FED. R. CIV. P. 56(e); *Owens*, 469 F. Supp. 2d at 405.  The nonmovant is "'under an obligation to respond . . . in a timely fashion and to place before the court all materials

7

it wishes to have considered when the court rules on the motion.'" *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1293 n.11 (5th Cir.), *cert. denied*, 513 U.S. 926 (1994) (quoting *Cowgill v. Raymark Indus., Inc.*, 780 F.2d 324, 329 (3d Cir. 1985)).  The court may also accept as undisputed the facts set forth in support of the unopposed motion for summary judgment.  *See Eversley*, 843 F.2d at 174; *Perry Williams, Inc. v. FDIC*, 47 F. Supp. 2d 804, 809 (N.D. Tex. 1999); *Rayha v. United Parcel Serv., Inc.*, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996); Local Rule CV-56(c).

C.    <u>Interpretation of Insurance Policies</u>

It is well recognized that "[i]nsurance policies are contracts." *Harken Exploration Co.*, 261 F.3d at 471 n.3 (citing *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1095 (5th Cir. 1995)); *see Excess Underwriters at Lloyd's v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 70 (Tex. 2008) (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)).  As with other contracts, a federal court, sitting in diversity in Texas, applies Texas law in the interpretation of insurance policies.  *International Ins. Co. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005); *Harken Exploration Co.*, 261 F.3d at 471 n.3 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938)); *H.E. Butt Grocery Co. v. National Union Fire Ins. Co.*, 150 F.3d 526, 529 (5th Cir. 1998); *see Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 252 n.4 (5th Cir. 2007); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  Under Texas law, the interpretation of insurance policies is governed by the same rules that apply to the interpretation of other contracts.  *Bexar County Hosp. Dist. v. Factory Mut. Ins. Co.*, 475 F.3d 274, 276 (5th Cir. 2007); *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003); *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002); *Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 537 (5th Cir. 2002); *National Union*

*Fire Ins. Co. v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008); *Texas Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 126 (Tex. 2004); *Balandran v. Safeco Ins. Co.*, 972 S.W.2d 738, 740-41 (Tex. 1998).   Moreover, "'[t]he interpretation of an insurance policy is a question of law.'" *St. Paul Guardian Ins. Co.*, 283 F.3d at 713 (quoting *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996)); *see Performance Autoplex II Ltd.*, 322 F.3d at 853.

When construing the provisions of a policy, the insurance contract is considered as a whole, with each part to be given effect, in order to ascertain the true intent of the parties. *Valmont Energy Steel, Inc. v. Commercial Union Ins. Co.*, 359 F.3d 770, 773 (5th Cir. 2004); *Utica Nat'l Ins. Co. v. American Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004); *Balandran*, 972 S.W.2d at 741; *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994).   Hence, "every sentence, clause, and word" in an insurance policy must be given meaning, "to avoid rendering any portion inoperative." *Balandran*, 972 S.W.2d at 741; *accord Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 748 (Tex. 2006).   Specific provisions in the policy control over general statements of coverage. *Forbau*, 876 S.W.2d at 133-34; *see* 3 ARTHUR L. CORBIN, CORBIN ON CONTRACTS §§ 545-54 (1960).   Similarly, "[e]ndorsements control over conflicting general policy language." *Westchester Fire Ins. v. Heddington Ins. Ltd.*, 883 F. Supp. 158, 165 (S.D. Tex. 1995), *aff'd*, 84 F.3d 432 (5th Cir. 1996) (citing *Mutual Life Ins. Co. v. Daddy$ Money, Inc.*, 646 S.W.2d 255, 259 (Tex. App.—Dallas 1982, writ ref'd n.r.e.)); *see Primrose Operating Co. v. National Am. Ins. Co*, 382 F.3d 546, 558 (5th Cir. 2004).   The terms used in an insurance contract "are to be given their ordinary and generally accepted meaning unless the policy shows that the words were meant in a technical or different sense." *International Ins. Co.*, 426 F.3d at 291; *accord Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 462 n.8 (5th Cir. 2003); *Security Mut.*

*Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex. 1979); *Pennsylvania Pulp & Paper Co., Inc.,*
*v. Nationwide Mut. Ins. Co.*, 100 S.W.3d 566, 574 (Tex. App.—Houston [14th Dist.] 2003, no
pet.).

If an insurance policy is ambiguous and is susceptible to more than one reasonable
interpretation, under the "contra-insurer rule," it will be construed in favor of the insured. *See*
*Carrizales v. State Farm Lloyds*, 518 F.3d 343, 346 (5th Cir. 2008); *Texas Indus., Inc. v. Factory*
*Mut. Ins. Co.*, 486 F.3d 844, 846 (5th Cir. 2007); *American States Ins. Co. v. Bailey*, 133 F.3d
363, 369 (5th Cir. 1998); *Fiess*, 202 S.W.3d at 756-57; *State Farm Fire & Cas. Co. v. Vaughan*,
968 S.W.2d 931, 933 (Tex. 1998).  This rule of construction does not apply, however, when the
insurance contract is expressed in plain and unambiguous language and is susceptible to only one
reasonable interpretation. *Bailey*, 133 F.3d at 369; *Canutillo Indep. Sch. Dist. v. National Union*
*Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996); *Constitution State Ins. Co. v. Iso-Tex Inc.*, 61
F.3d 405, 407 (5th Cir. 1995); *National Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d
552, 555 (Tex. 1991).  The determination of whether an insurance policy is ambiguous is a
question of law for the court to decide. *Carrizales*, 518 F.3d at 346; *Bexar County Hosp. Dist.*,
475 F.3d at 276; *Texas Farm Bureau Mut. Ins. Co.*, 146 S.W.3d at 126; *Lopez v. Munoz,*
*Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex. 2000).

"When there is no ambiguity, it is the court's duty to give the words used their plain
meaning." *Puckett v. United States Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984); *see Valmont*
*Energy Steel, Inc.*, 359 F.3d at 773.  If an insurance policy "is worded so that it can be given only
one reasonable construction, it will be enforced as written." *Iso-Tex Inc.*, 61 F.3d at 407 (citing
*State Farm Fire & Cas. Co. v. Reed*, 873 S.W.2d 698, 699 (Tex. 1993)); *accord Finger Furniture*

10

*Co., Inc. v. Commonwealth Ins. Co.*, 404 F.3d 312, 314 (5th Cir. 2005); *National Union Fire Ins. Co. v. CNA Ins. Cos.*, 28 F.3d 29, 32 (5th Cir. 1994), *cert. denied*, 513 U.S. 1190 (1995). "When the terms of an insurance policy are plain, definite, and unambiguous, a court may not vary those terms." *Id.*; *see Reed*, 873 S.W.2d at 699. Thus, after considering the rules of contract interpretation, summary judgment is often appropriate in cases where unambiguous language is at issue. *Coats v. Farmers Ins. Exch.*, 230 S.W.3d 215, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see Tri County Serv. Co. v. Nationwide Mut. Ins. Co.*, 873 S.W.2d 719, 721 (Tex. App.—San Antonio 1993, writ denied) (citing *Phillips v. Union Bankers Ins. Co.*, 812 S.W.2d 616, 617 (Tex. App.—Dallas 1991, no writ)).

The burden is generally on the insured to show that a claim asserted against it by a third party is potentially within the coverage of the insurance policy. *United Nat'l Ins. Co. v. Hydro Tank, Inc.*, 497 F.3d 445, 448 (5th Cir. 2007); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 n.31 (5th Cir. 2006); *Harken Exploration Co.*, 261 F.3d at 471; *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998); *see also* TEX. INS. CODE ANN. art. 21.58(b) (Vernon 2007). The insurer, however, bears the burden of establishing that one of the policy's limitations or exclusions constitutes an avoidance or affirmative defense to coverage. *See United Nat'l Ins. Co.*, 497 F.3d at 448; *Performance Autoplex II Ltd.*, 322 F.3d at 854; *Harken Exploration Co.*, 261 F.3d at 471; *Federated Mut. Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 723 (5th Cir. 1999); *Vic Mfg. Co.*, 143 F.3d at 193; *Utica Nat'l Ins. Co.*, 141 S.W.3d at 203. The Texas Insurance Code provides, in relevant part:

> In a suit to recover under an insurance . . . contract, the insurer . . . has the burden of proof as to any avoidance or affirmative defense that the Texas Rules of Civil Procedure require to be affirmatively pleaded. Language of exclusion in the

contract or an exception to coverage claimed by the insurer . . . constitutes an avoidance or an affirmative defense.

TEX. INS. CODE ANN. § 554.002.  Once the insurer demonstrates that an exclusion arguably applies, the burden then shifts back to the insured to show that the claim does not fall within the exclusion or that it comes within an exception to the exclusion. *Harken Exploration Co.*, 261 F.3d at 471; *Federated Mut. Ins. Co.*, 197 F.3d at 723; *Vic Mfg. Co.*, 143 F.3d at 193; *Underwriters at Lloyd's v. Gilbert Tex. Constr., L.P.*, 245 S.W.3d 29, 33 (Tex. App.—Dallas 2007, no pet.); *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 193 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

D.    Duty to Defend

An insurer has a duty to defend a policyholder in actions brought by a third party who asserts claims potentially covered by the insurance policy. *St. Paul Guardian Ins. Co.*, 283 F.3d at 713; *Harken Exploration Co.*, 261 F.3d at 471; *Gulf States Ins. Co. v. Alamo Carriage Serv.*, 22 F.3d 88, 90 (5th Cir. 1994); *Utica Nat'l Ins. Co.*, 141 S.W.3d at 201; *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997); *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997).  In Texas, when determining an insurer's duty to defend an insured, the court follows the "eight corners" or "complaint allegation" rule. *United Nat'l Ins. Co.*, 497 F.3d at 448; *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004); *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141.  Under this rule, an insurer's duty to defend is determined by examining "the allegations in the most recent petition and the language of the insurance policy." *Harken Exploration Co.*, 261 F.3d at 471; *see Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858 (5th Cir. 2006) (citing *Merchants Fast*

12

*Motor Lines, Inc.*, 939 S.W.2d at 141); *Northfield Ins. Co.*, 363 F.3d at 528 (citing *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)); *St. Paul Guardian Ins. Co.*, 283 F.3d at 713. "The duty to defend arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy." *Id.*; *see United Nat'l Ins. Co.*, 497 F.3d at 448; *Northfield Ins. Co.*, 363 F.3d at 528; *Utica Nat'l Ins. Co.*, 141 S.W.3d at 201; *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141. If the complaint is unclear or ambiguous, or there is doubt whether an allegation states a cause of action within the coverage of a liability policy, the complaint is construed liberally in favor of the insured, and any doubt is resolved in favor of potential coverage. *See United Nat'l Ins. Co.*, 497 F.3d at 448; *Northfield Ins. Co.*, 363 F.3d at 528; *Harken Exploration Co.*, 261 F.3d at 471.

"'In reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged.'" *Bailey*, 133 F.3d at 369 (quoting *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141); *accord National Union Fire Ins. Co. v. Willis*, 296 F.3d 336, 342 (5th Cir. 2002); *ATOFINA Petrochemicals Inc. v. Continental Cas. Co.*, 185 S.W.3d 440, 445 (Tex. 2005); *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). The court must ascertain whether the facts, as alleged, fall within the policy's coverage. *See Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex. App.—Houston [1st Dist.] 1990, writ denied). In making this assessment, the court may not consider the truth or falsity of the allegations in the underlying pleadings. *See Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. 2006); *Vic Mfg. Co.*, 143 F.3d at 193; *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Instead, all the facts alleged in the third party's complaint are assumed to be true. *See Lincoln*

13

*Gen. Ins. Co.*, 401 F.3d at 350; *St. Paul Guardian Ins. Co.*, 283 F.3d at 713; *Houston Petroleum Co.*, 830 S.W.2d at 155.  Moreover, the insurance company's duty to defend is not affected by extrinsic evidence, including facts learned before, during, or after the suit.  *See Chapman v. National Union Fire Ins. Co.*, 171 S.W.3d 222, 226 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *American Alliance Ins. Co. v. Frito-Lay, Inc.*, 788 S.W.2d 152, 154 (Tex. App.—Dallas 1990, writ dism'd).  Even if the allegations in the third party's complaint are known or discovered to be untrue, an insurer that has contracted to defend must do so.  *See Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex. 1965).

The duty to defend does not arise, however, until a complaint alleging a potentially covered claim is tendered to the insurer.  *Crocker v. National Union Fire Ins. Co.*, 466 F.3d 347, 356 n.9 (5th Cir. 2006) (citing *Royal Ins. Co. v. Hartford Underwriters Ins. Co.*, 391 F.3d 639, 644 (5th Cir. 2004)); *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 400 (5th Cir. 1995) (citing *Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 466-67 (Tex. App.—Dallas 1991, no writ)).  The most recently amended complaint provided to the insurer is examined to ascertain the existence of such duty.  *See Northfield Ins. Co.*, 363 F.3d at 528; *Harken Exploration Co.*, 261 F.3d at 471; *Vic Mfg. Co.*, 143 F.3d at 194.  An insurer is obligated to defend an insured as long as the complaint alleges at least one cause of action within the scope of the policy.  *See Northfield Ins. Co.*, 363 F.3d at 528; *Lafarge Corp.*, 61 F.3d at 393.  "Even if the complaint alleges multiple claims or claims in the alternative, some of which fall within the coverage of the policy and some of which do not, the duty to defend arises if at least one of the claims is facially within the policy's coverage."  *Id.*; *see Federated Mut. Ins. Co.*, 197 F.3d at 726.  "'If coverage exists for any portion of a suit, the insurer must defend the insured in the entire suit.'"  *St. Paul Guardian Ins.*

14

*Co.*, 283 F.3d at 714 (quoting *St. Paul Fire & Marine Cas. Ins. Co.*, 249 F.3d at 391); *accord Harken Exploration Co.*, 261 F.3d at 474.

If a plaintiff's complaint does not allege facts within the scope of policy coverage, an insurer has no legal obligation to defend the insured against the plaintiff's claims. *Liberty Mut. Ins. Co.*, 473 F.3d at 600; *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005); *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *American Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex. 1994). An insurer also does not have a duty to defend when the complaint makes allegations which, if proven, would place the plaintiff's claim within an exclusion from coverage. *Gulf States Ins. Co.*, 22 F.3d at 90; *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982); *Koenig v. First Am. Title Ins. Co.*, 209 S.W.3d 870, 873 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage of the policy. *McManus*, 633 S.W.2d at 788; *Koenig*, 209 S.W.3d at 874. While the plaintiff's allegations are to be construed liberally, if the complaint alleges only facts that are not within the scope of policy coverage or that are excluded by the terms of the policy, the insurer is not required to defend. *See Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *Garcia*, 876 S.W.2d at 848; *McManus*, 633 S.W.2d at 788.

E.   Duty to Indemnify

"In Texas, the duty to defend and duty to indemnify are distinct and separate duties creating distinct and separate causes of action." *American Alliance Ins. Co.*, 788 S.W.2d at 153; *accord Utica Nat'l Ins. Co.*, 141 S.W.3d at 203; *King*, 85 S.W.3d at 187; *Griffin*, 955 S.W.2d at 82; *Cowan*, 945 S.W.2d at 821-22. "Even if a liability insurer breaches its duty to defend, the

party seeking indemnity still bears the burden of proving coverage if the insurer contests it." *Utica Nat'l Ins. Co.*, 141 S.W.3d at 203.  In contrast to the duty to defend, the duty to indemnify is not triggered by alleged facts asserted by a third party, but, rather, by actual, proven facts that underlie the dispute and result in liability.  *Northfield Ins. Co.*, 363 F.3d at 528-29; *see Medical Care Am., Inc. v. National Union Fire Ins. Co.*, 341 F.3d 415, 424 (5th Cir. 2003); *Cowan*, 945 S.W.2d at 821; *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 125 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Pilgrim Enters., Inc. v. Maryland Cas. Co.*, 24 S.W.3d 488, 492 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  In fact, "[a]n insurer is not obligated to pay a liability claim until [the] insured has been adjudicated to be legally responsible." *Southern County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 460 (Tex. App.—Corpus Christi 2000, no pet.).  Moreover, an insurer has no duty to indemnify its insured when found liable if the policy at issue does not provide coverage for the claims made against the insured.  *See Western Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 315 (5th Cir. 1993); *see also S.S. v. State Farm Fire & Cas. Co.*, 808 S.W.2d 668, 671-72 (Tex. App.—Austin 1991), *aff'd*, 858 S.W.2d 374 (Tex. 1993).

"The duty to defend is . . . broader than the duty to indemnify." *E & L Chipping Co. v. Hanover Ins. Co.*, 962 S.W.2d 272, 274 (Tex. App.—Beaumont 1998, no writ); *see Aisha's Learning Ctr.*, 468 F.3d at 858; *Northfield Ins. Co.*, 363 F.3d at 528.  Even where an insurer is obligated to defend, it will not be required to indemnify an insured for losses that fall outside the scope of the policy.  *See State Farm Fire & Cas. Co. v. Brooks*, 43 F. Supp. 2d 695, 698 (E.D. Tex. 1998); *Greenwood Ins. Group, Inc. v. United States Liab. Ins. Co.*, 157 S.W.3d 444, 451 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Where there is no duty to defend, and no facts

16

which could be developed at the trial of the underlying lawsuit to impose coverage, the insurer's duty to indemnify may be determined on summary judgment.  *See Griffin*, 955 S.W.2d at 83.  The same factors that negate an insurer's duty to defend an insured also negate any duty to indemnify. *Id.* at 84; *see Gomez v. Allstate Tex. Lloyds Ins. Co.*, 241 S.W.3d 196, 205 (Tex. App.—Fort Worth 2007, no pet.); *Founders Commercial, Ltd. v. Trinity Universal Ins. Co.*, 176 S.W.3d 484, 492 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Thus, while the duty to defend is broader than the duty to indemnify, the insurer owes neither duty to an insured when the types of claims made are specifically excluded from policy coverage.  *See Aisha's Learning Ctr.*, 468 F.3d at 862; *Western Heritage Ins. Co.*, 998 F.2d at 315; *see generally Lafarge Corp.*, 61 F.3d at 393.

Prior to the last decade, Texas courts were said to lack jurisdiction to entertain a declaratory judgment action regarding an insurer's duty to indemnify its insured for damages that could be assessed in a pending lawsuit, as any such determination was deemed to be dependent on a contingency and "purely advisory in nature."  *Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 332-33 (Tex. 1968); *see Granite Constr. Co., Inc. v. Bituminous Ins. Cos.*, 832 S.W.2d 427, 429 (Tex. App.—Amarillo 1992, no writ).  The Texas Supreme Court retreated from this position in *Griffin*, holding that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."  955 S.W.2d at 84 (citing *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996)); *see Aisha's Learning Ctr.*, 468 F.3d at 858-59; *Northfield Ins. Co.*, 363 F.3d at 529; *Western Alliance Ins. Co.*, 176 F.3d at 828; *Classic Performance Cars, Inc. v. Acceptance Indem. Ins. Co.*, 464 F. Supp. 2d 652, 664 (S.D. Tex. 2006).  As a consequence, under certain

17

limited circumstances, "parties may secure a declaratory judgment on the insurer's duty to indemnify before the underlying tort suit proceeds to judgment." *Griffin*, 955 S.W.2d at 83; *see Western Alliance Ins. Co.*, 176 F.3d at 828; *Nutmeg Ins. Co. v. Clear Lake City Water Auth.*, 229 F. Supp. 2d 668, 676 (S.D. Tex. 2002) (citing *Bailey*, 133 F.3d at 368).

      F.      <u>Interpretation of the Policy at Issue</u>

The Policy issued by James River to Simco is a commercial general liability policy effective for the one-year period ending March 16, 2006. The terms of the Policy are relatively straightforward, and the language is unambiguous. The Commercial General Liability Coverage Form, Section I, entitled "Coverages," contains "Coverage A," addressing "Bodily Injury and Property Damage Liability," "Coverage B," encompassing "Personal and Advertising Injury Liability," and "Coverage C," dealing with "Medical Payments." Paragraph 1 of Coverage A defines the insurance agreement between the parties with respect to bodily injury and property damage and provides in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Paragraph 8 of the Policy's Combined General Endorsement, entitled "Employer's Liability - Exclusion," describes one relevant set of circumstances under which the Policy does not apply, stating:

> This insurance does not apply to any claim, suit, cost or expense arising out of "Bodily Injury" to:
>
>     a.      Any employee of the Named Insured arising out of and in the course

of:

(1)     Employment by the Insured; or

(2)     While performing duties related to the conduct of the
        Insured's business; . . . .

Importantly, the endorsement clarifies that "[t]his exclusion applies . . . to liability assumed under

any Insured Contract." Section V of the Policy defines an "Insured Contract" as "that part of any

other contract or agreement pertaining to your business . . . under which you assume the tort

liability of another party to pay for 'bodily injury' or 'property damage' to a third person or

organization. . . ."

The Policy's Additional Insured Endorsement provides a similar exclusion that applies

when a third party to the insurance contract seeks coverage as an additional insured.  It states in

relevant part:

This coverage does not apply to "bodily injury," "property damage" or "personal
and advertising injury:"

* * *

3.     To any employee of the Named Insured or to any obligation of the
       Additional Insured to indemnify another because of damages arising
       out of such injury.

Additionally, the endorsement states, "[w]here no coverage shall apply herein for the Named

Insured, no coverage or defense shall be afforded to the Additional Insured."

Invoking these exclusions, James River contends that it has no duty to defend or indemnify

Simco and/or Entergy in the underlying lawsuit.  Upon reviewing the Policy, its amending

endorsements, and the facts alleged in Williams's petition, the court agrees that the Policy does

not provide insurance coverage for the claims asserted in Williams's action.  In the state court

19

lawsuit, Williams maintains that he sustained electrical shock injuries while changing a transformer in the course and scope of his employment with Simco.  The Policy, however, simply does not cover work-related personal injury suits brought by Simco's employees.  Pursuant to the Combined General Endorsement, this type of coverage is specifically excluded for Simco, the named insured in the Policy.  Although Simco assumed Entergy's tort liability pursuant to various business contracts, the endorsement also excludes coverage for Entergy as Simco's contractual indemnitee under the facts alleged in Williams's petition.  Furthermore, even if Entergy were viewed as an additional insured rather than a mere indemnitee, the Additional Insured Endorsement, which vitiates coverage for any additional insured when the named insured is not covered, prevents Entergy from asserting entitlement to coverage in the underlying lawsuit.  Moreover, in the absence of a response to the motion, Simco makes no attempt to show that Williams's claims or Entergy's demand for indemnity potentially fall within the scope of coverage or lie outside the exclusions set forth in the Policy.

Consequently, because Williams's petition only alleges facts that, when taken as true, are not encompassed within the scope of the insurance coverage provided, James River has no obligation under the Policy to defend Simco and/or Entergy in the underlying litigation.  *See Liberty Mut. Ins. Co.*, 473 F.3d at 600; *Allstate Ins. Co.*, 159 S.W.3d at 643; *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *Garcia*, 876 S.W.2d at 848; *McManus*, 633 S.W.2d at 788; *Koenig*, 209 S.W.3d at 873.  Furthermore, because the duty to defend is broader than the duty to indemnify, the same reasons that negate the duty to defend negate any possibility that James River will ever have a duty to indemnify on these facts.  *See Aisha's Learning Ctr.*, 468 F.3d at 862; *Gomez*, 241 S.W.3d at 205; *Griffin*, 955 S.W.2d at 84; *Founders Commercial, Ltd.*,

176 S.W.3d at 492.  Therefore, James River is not required to defend or indemnify Simco and/or Entergy pursuant to the terms of the Policy.

G.    Breach of Contract and Texas Insurance Code Claims

In addition to requesting that the court declare the extent of James River's defense and indemnity obligations under the Policy, Simco's complaint also asserts claims for breach of contract and violation of the Texas Insurance Code.  Under Texas law, however, "[a]n insured is not entitled to recover under an insurance policy unless it proves its damages are covered by the policy." *Comsys Info. Tech. Servs., Inc.*, 130 S.W.3d at 198 (citing *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by Gandy*, 925 S.W.2d at 714); *accord Lambrecht & Assoc., Inc. v. State Farm Lloyds*, 119 S.W.3d 16, 27 (Tex. App.—Tyler 2003, no. pet.); *State Farm Fire & Cas. Co. v. Rodriguez*, 88 S.W.3d 313, 322 (Tex. App.—San Antonio 2002, pet. denied).  Similarly, "extracontractual claims of violations of the . . . Texas Insurance Code require a coverage finding." *Kaufman & Broad Home Corp. v. Employers Mut. Cas. Co.*, No. 2-06-383-CV, 2008 WL 281530, at *9 (Tex. App.—Forth Worth Jan. 31, 2008, no pet. h.); *see Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Crocker v. American Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 936 (Tex. App.—Dallas 2007), no pet.).  Thus, because the Policy does not provide coverage for Williams's claims in the underlying lawsuit, Simco's breach of contract and Texas Insurance Code claims necessarily fail.

III.    Conclusion

James River has no duty to defend or indemnify Simco and/or Entergy in the underlying lawsuit, as the Policy unambiguously excludes coverage for injuries to Simco's own employees

as well as coverage for Entergy as an indemnitee or an additional insured.  Furthermore, because the Policy provides no coverage for Williams's claims, James River is entitled to judgment as a matter of law with regard to Simco's breach of contract and Texas Insurance Code claims. Accordingly, James River's Motion for Summary Judgment is granted.

SIGNED at Beaumont, Texas, this 10th day of July, 2008.


_Marcia A. Crone_
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

22